[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PENDING MOTION
I have carefully reviewed the briefs, arguments, evidence and court files in this case and in Desiderio v. Ross, CV 97 0257585. I shall confine the ruling specifically to the narrow issues presented in the motion to stay proceedings pending arbitration in the above entitled case.
I agree with the plaintiff that arbitrability is, in the first instance, an issue to be resolved by the court rather than an arbitrator. I find that the parties entered into an enforceable agreement to arbitrate the Commercial Union file, and nothing of sufficient magnitude to vitiate the agreement has happened since the time the agreement was entered into. The medical note suggesting future medical expenses is not in itself, in the circumstances of this case, a change of circumstance sufficient to justify equitable intervention. I further do not agree with the proposition that issues as to all possible tortfeasors need be resolved prior to UM arbitration so long as all potential and bonds as to one prospective to tortfeasor have been exhausted. General Accident Ins. Co. v. Wheeler,221 Conn. 206 (1992).[1]
The motion to stay proceedings in this case, pending arbitration, is granted. The parties are free to make motions or requests regarding consolidation or deconsolidation with the file.
Beach, J.